Appeal from order, Supreme Court, New York County (Alice Schlesinger, J.), entered June 14, 2011, which denied the motion of defendant St. Vincent’s Catholic Medical Centers (St. Vincent’s) to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) on the ground that plaintiffs claims were discharged due to bankruptcy, unanimously dismissed, without costs.
*443 At issue in this appeal is the interpretation and implementation of a February 16, 2011 stipulation and order so-ordered by the United States Bankruptcy Court, Southern District of New York (Cecilia Morris, J.), which lifted the automatic stay on the underlying medical malpractice action pursuant to St. Vincent’s second bankruptcy proceeding and allowed the action to proceed, provided that plaintiff waived all claims against all debtors, including St. Vincent’s, all recovery is limited to the proceeds of St. Vincent’s third-party insurance coverage, and the insurers are responsible for all costs in defending the action. The order is silent, however, as to the first bankruptcy plan.
The bankruptcy court has jurisdiction to interpret and enforce its own prior orders (see In re Saint Vincents Catholic Med. Ctrs. of N.Y., 417 BR 688, 694 [SD NY 2009], citing Travelers Indemnity Co. v Bailey, 557 US 137, 151 [2009]). Moreover, in the instant matter, the bankruptcy court expressly provided that it “shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.” There are numerous factual and legal issues that need to be settled with respect to this stipulation and order before this Court may pass on the effect it may have had on plaintiffs action, specifically whether and how the second bankruptcy plan modified or replaced the first failed bankruptcy plan, what ultimate effect this may have had on plaintiffs underlying action, which St. Vincent’s argues is barred under the first plan due to plaintiffs failure to timely file a proof of claim under that plan, and whether the first plan could have properly effectuated a non-debtor release for the insurers, thus barring plaintiff, as a non-approved claimant, from the recovery contemplated in the order. Hence, we dismiss this appeal to allow the Bankruptcy Court to expound upon this and other issues necessary to resolve the issue of whether plaintiff can maintain this action, even solely against the insurers, with St. Vincent’s as a nominal defendant. Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ. [Prior Case History: 2011 NY Slip Op 31590(U).]